**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY WAYNE WYATT,

    Petitioner - Appellant,

v.

SCOTT CROW, DOC Interim Director,

    Respondent - Appellee.

No. 19-7041
(D.C. No. 6:17-CV-00282-JHP-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Anthony Wyatt seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 habeas petition challenging his Oklahoma

convictions for child abuse and lewd or indecent acts to a child under sixteen. We deny a

COA and dismiss the appeal.

**I**

Wyatt was convicted of one count of lewd or indecent acts to a child under sixteen

and one count of child abuse. At trial, Wyatt's daughter, E.W., testified that he had given

her two crystal rocks, telling her that they were like Xanax. E.W. knew the rocks were

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not Xanax but ingested them anyway. Wyatt then made sexually charged comments and touched E.W. inappropriately, seeking sexual gratification. E.W. later tested positive for methamphetamine, marijuana, and amphetamines.

A jury convicted Wyatt of one count of lewd or indecent acts to a child under sixteen and one count of child abuse. The Oklahoma trial court sentenced Wyatt to a term of twenty years' imprisonment on the lewd-acts count and to a term of life imprisonment on the child-abuse count. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Wyatt then pursued state post-conviction relief, which the trial court denied. After allowing Wyatt an out-of-time appeal, the OCCA declined jurisdiction and dismissed the post-conviction appeal because Wyatt failed to comply with OCCA Rule 5.2(C)(2), which required him as an appealing party to attach to his petition a copy of the order being appealed. The OCCA denied Wyatt's subsequent application for another post-conviction out-of-time appeal.

Wyatt filed a § 2254 petition alleging twelve grounds for relief. He had raised claims I through VI in his direct appeal and claims VII through XII in his post-conviction proceeding. After determining that he had exhausted his state remedies on claims I through VI, the district court rejected those claims on the merits. It further held that Wyatt procedurally defaulted claims VII through XII because the OCCA had dismissed his post-conviction appeal pursuant to an independent and adequate state ground, and Wyatt failed to show cause and prejudice or a fundamental miscarriage of justice. The district court therefore denied habeas relief and denied a COA.

2

## II

Wyatt must obtain a COA to appeal, 28 U.S.C. § 2253(c)(1)(A), meaning that he must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2). On the claims the district court rejected on the merits, Wyatt must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the claims the district court rejected as procedurally defaulted, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

We review the district court's legal analysis de novo and any factual findings for clear error. See Smith v. Duckworth, 824 F.3d 1233, 1241-42 (10th Cir. 2016). "[B]ecause [Wyatt] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).

Wyatt raised claims I through VI to the OCCA in his direct appeal, and the OCCA addressed them on the merits, as did the district court. These claims are therefore subject to the standards of review set forth in § 2254(d): Wyatt must show that the OCCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1), (2).

3

## A

In claim I, Wyatt argues the trial court admitted evidence that was more prejudicial than probative by allowing testimony about his drug use. The daughter of Wyatt's friend testified that Wyatt had taken drugs before molesting her, and Wyatt's wife testified that drugs increased Wyatt's desire for sex. The OCCA upheld the admission of this evidence, finding under plain-error review that it was offered for the proper purpose of showing that Wyatt had previously engaged in a pattern of similar behavior, and its probative value was not substantially outweighed by the danger of unfair prejudice. The federal district court reviewed the OCCA's determination on habeas only to assess whether admitting this evidence rendered Wyatt's trial so fundamentally unfair as to deprive him of his federal constitutional rights. It concluded that Wyatt failed to show the OCCA erred in allowing the admission of the evidence, and its admission was consistent with federal law. It also noted that Wyatt had failed to identify any clearly established Supreme Court law in this area.

There does not appear to be any Supreme Court decision clearly establishing a standard for wrongfully admitted trial evidence, see Holland v. Allbaugh, 824 F.3d 1222, 1229 & n.2 (10th Cir. 2016), which in itself dooms Wyatt's claim, see House v. Hatch, 527 F.3d 1010, 1018 (10th Cir. 2008). In Holland, we rejected the proposition that Payne v. Tennessee, 501 U.S. 808 (1991), set an applicable standard. 824 F.3d at 1229. Payne, which involved the admission of victim impact statements at the sentencing phase of a death penalty case, stated that "[i]n the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the

4

Fourteenth Amendment provides a mechanism for relief." 501 U.S. at 825. In Holland, we held that this statement was a "general legal principle[] developed in [the] factually distinct context[]" of victim impact statements in a capital case and thus did "not clearly establish the applicable legal framework for wrongfully-admitted trial evidence." 824 F.3d at 1229 (quotation omitted).

The same conclusion applies in this case. Payne involved a factually distinct context and we cannot "extract clearly established law from the general legal principles developed in factually distinct contexts." Id. (quotation omitted). The OCCA's decision was not contrary to or an unreasonable application of clearly established law. Wyatt has accordingly failed to show that a reasonable jurist could debate the district court's denial of his first claim.

**B**

In claim II, Wyatt contends his older daughter improperly mentioned that he had been incarcerated—in identifying when an event occurred, she had stated that it was after Wyatt had been released from prison and was reunited with her mother. The OCCA held that the trial court's admonishment to the jury to disregard the statement cured any error. As with claim I, the district court reviewed this claim for fundamental fairness and concluded that the testimony did not render the trial fundamentally unfair and that Wyatt had not shown the OCCA's decision was contrary to or an unreasonable application of Supreme Court precedent.

As the district court noted, the Supreme Court has clearly established that a jury is presumed to follow a trial court's instructions. See Weeks v. Angelone, 528 U.S. 225,

5

234 (2000). No reasonable jurist could debate the district court's conclusion that the OCCA's reliance on the curative power of the trial court's instructions was not contrary to or an unreasonable application of clearly established federal law.

## C

Wyatt argues in claim III that the evidence was insufficient to support his child-abuse conviction. He contends that E.W. was familiar with unlawful substances, and therefore her testimony about not knowing the crystal rocks were methamphetamine was not credible. Reviewing the evidence in the light most favorable to the state and noting that credibility was a matter reserved to the factfinder, the OCCA held that any rational factfinder could find the elements of child abuse were established. The district court held that the OCCA's decision was not contrary to or an unreasonable application of the relevant Supreme Court decision, Jackson v. Virginia, 443 U.S. 307, 319 (1979), and that it was not an unreasonable determination of the facts in light of the evidence.

The district court correctly identified Jackson as the governing standard. See Pavatt v. Carpenter, 928 F.3d 906, 917 (10th Cir. 2019) (en banc). Under Jackson, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (citation omitted).

Viewing the evidence in the light most favorable to the prosecution, we conclude that a reasonable jurist could not debate the correctness of the district court's ruling. "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the

6

record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. The jury assessed E.W.'s credibility, and under Jackson, we must conclude that it resolved any conflict regarding her knowledge in favor of the prosecution. Accordingly, Wyatt's arguments about E.W.'s credibility are insufficient to cause reasonable jurists to debate the district court's rejection of this claim. See Parker v. Scott, 394 F.3d 1302, 1315 (10th Cir. 2005).

## D

In claim IV, Wyatt asserts that the trial court should have given an instruction on domestic assault and battery as a lesser-included offense of the lewd-acts charge. The OCCA upheld the trial court's denial of the instruction. The district court held that this claim is not reviewable in a non-capital habeas case and that the OCCA's rejection of the claim was not inconsistent with Supreme Court law.

"Our precedents establish a rule of automatic non-reviewability for claims based on a state's court's failure, in a non-capital case, to give a lesser included offense instruction." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (quotation omitted). Wyatt identifies no clearly established Supreme Court law contravened by the OCCA, and we have noted that "[t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases." Id. (citation omitted). We conclude that no reasonable jurist could debate the district court's ruling that Wyatt is not entitled to habeas relief on this ground.

**E**

Claim V challenges comments made by the prosecutor during closing argument. The prosecutor allegedly expressed her personal opinion of the evidence, elicited sympathy for E.W., stated that more charges could have been filed against Wyatt based on the conduct described by E.W., and said charges could still be filed against Susan Wyatt, Wyatt's wife and E.W.'s mother. The OCCA held that "[w]hen the challenged actions of the prosecutor are read and viewed in context, considering the corresponding arguments of defense counsel and the strength of the evidence, there is nothing in any of the challenged actions, individually or cumulatively, that deprived Wyatt of a fair trial." Relying primarily on Donnelly v. DeChristoforo, 416 U.S. 637 (1974), but also citing United States v. Young, 470 U.S. 1 (1985), the district court determined that the prosecutor's arguments were not improper. It therefore held that the OCCA's decision was neither contrary to or an unreasonable application of Supreme Court precedent, nor an unreasonable determination of the facts in light of the evidence.

Under Donnelly, a prosecutor's closing remark that does not deny a defendant the benefit of a specific constitutional right is reviewed to determine whether it rendered the trial so fundamentally unfair as to deny the defendant due process. 416 U.S. at 643, 645. And under Young, a prosecutor's "remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." 470 U.S. at 12. "[T]he Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly. In this context, defense counsel's conduct, as well as the nature of the prosecutor's response, is relevant." Id.

8

"[I]f the prosecutor's remarks were invited, and did no more than respond substantially in order to right the scale, such comments would not warrant reversing a conviction." Id. at 12-13 (quotations omitted).

We agree with the OCCA and the district court that the comments were not improper. Wyatt argues that the prosecutor improperly gave her opinion of the evidence, made comments eliciting sympathy for E.W., and told the jury that the State might file charges against Susan Wyatt. Each of these comments substantially responded to defense counsel's characterization of the case and did not render Wyatt's trial so fundamentally unfair as to deny him due process. See id.; United States v. Christy, 916 F.3d 814, 831 (10th Cir. 2019).

Wyatt also argues the prosecutor's statement that based on the evidence, he could have been charged with multiple lewd acts, was improper. We conclude that the statement, which accurately characterized the evidence, falls within the "reasonable amount of latitude [a prosecutor is allowed] in drawing inferences from the evidence during closing summation." Duvall v. Reynolds, 139 F.3d 768, 795 (10th Cir. 1998) (quotation omitted). Wyatt has not shown that the OCCA erred, and no reasonable jurist could debate the district court's ruling on this claim.

**F**

Claim VI alleged cumulative error. The OCCA held that no errors, whether considered individually or cumulatively, merited relief. The district court noted the absence of a Supreme Court case recognizing the concept of cumulative error, but further

held that in any event, Wyatt had not established any errors that could be evaluated cumulatively.

We have held that "when a habeas petitioner raises a cumulative error argument under due process principles the argument is reviewable because Supreme Court authority clearly establishes the right to a fair trial and due process." Bush v. Carpenter, 926 F.3d 644, 686 (10th Cir. 2019), petition for cert. filed, No. 19-7455 (U.S. Jan. 28, 2020) (quotation omitted). To be entitled to cumulative-error review, however, a petitioner must establish "two or more actual errors"; such review "does not apply . . . to the cumulative effect of non-errors." Cuesta-Rodriguez v. Carpenter, 916 F.3d 885, 915 (10th Cir. 2019) (quotation omitted). Because Wyatt has not established the existence of two or more constitutional errors, no reasonable jurist could conclude that the OCCA's rejection of the claim was contrary to or an unreasonable application of clearly established federal law or otherwise debate the district court's rejection of this claim.

**G**

Claim VII alleged ineffective assistance of appellate counsel, and claims VIII-XII alleged ineffective assistance of trial counsel. Wyatt raised these claims in his state post-conviction proceeding, but the OCCA dismissed his appeal on a procedural ground pursuant to OCCA Rule 5.2(C)(2). The district court held these claims were procedurally defaulted because the OCCA's dismissal was pursuant to an independent and adequate state procedural ground, see Duvall v. Reynolds, 139 F.3d 768, 796-97 (10th Cir. 1998), and Wyatt failed to show cause and prejudice or a fundamental miscarriage of justice, see Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (quotation omitted).

With regard to the procedural default, Wyatt's brief states only that he was denied an OCCA appeal through no fault of his own. Although we are mindful of our responsibility to construe a pro se litigant's pleadings liberally, this assertion is insufficient to demonstrate either cause and prejudice or a fundamental miscarriage of justice. Having been provided no grounds to conclude that any reasonable jurist could debate the district court's procedural ruling, we deny a COA on these claims.

## III

We **DENY** a COA and **DISMISS** this appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge